United States District Court
Southern District of Texas
**ENTERED**
January 09, 2017
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **JOSE ANGEL MUNOZ-MORALES,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | **Civil Action No. 1:16-177** | |
| § | **Criminal No. B:15-1053-3** | |
| **UNITED STATES OF AMERICA,** § | | |
| Respondent. § | | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On July 14, 2016, Petitioner Jose Angel Munoz-Morales[1] filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

On December 19, 2016, the United States timely filed a motion seeking specific performance of the waiver provision in Munoz-Morales's plea agreement or, in the alternative, summary judgment denying Munoz-Morales's request for relief. Dkt. No. 14.

After reviewing the record and the relevant case law, the Court recommends that Munoz-Morales's motion be dismissed, because – in his plea agreement – Munoz-Morales waived the right to file the instant motion. In the alternative, the Government's motion for summary judgment should be granted, because Munoz-Morales's claims are legally and substantively meritless.

### I. Procedural and Factual Background

On December 1, 2015, a federal grand jury – sitting in Brownsville, Texas, – returned a two count indictment against Munoz-Morales and two co-defendants charging them with: (1) conspiracy to possess with intent to distribute a quantity of more than 100 kilograms of marihuana; and (2) possession with intent to distribute more than 100 kilograms of marihuana, in violation of 21 U.S.C. §§ 841and 846 and 18 U.S.C. § 2. <u>U.S. v. Munoz-Morales</u>, Criminal No. 1:15-1053-3, Dkt. No. 21 (hereinafter "CR").

---

[1] The petitioner's name has alternatively been spelled as Munoz-Morales or Munos-Morales. For the sake of consistency, the Court will identify him as Munoz-Morales, the name that he was convicted under in his underlying criminal case.

## A. Rearraignment & Waiver of Appellate Rights

On February 2, 2016, Munoz-Morales appeared before the District Judge and entered a guilty plea to possession with intent to distribute more than 100 kilograms of marihuana. CR Dkt. No. 185.  His guilty plea was pursuant to a written plea agreement. CR Dkt. No. 106.

Munoz-Morales's written plea agreement indicates that he knowingly and voluntarily waived his appellate rights. CR Dkt. No. 54, ¶ 11.

Paragraph 11 of the plea agreement provides:

> Defendant is aware that Title 18, United States Code, § 3742, affords a defendant the right to appeal the conviction and sentence imposed.  The defendant knowingly and voluntarily agrees to waive the right to appeal the conviction and the sentence imposed or the manner in which the sentence was determined. Additionally, the defendant is aware that Title 28, United States Code, § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final.  The defendant knowingly and voluntarily waives the right to contest his conviction or sentence by means of any post-conviction proceeding.

CR Dkt. No. 54, ¶ 11.

During the plea colloquy, the District Judge established that Munoz-Morales understood he was waiving his appellate rights.

> [Court]: There are times and circumstances when you can appeal any sentence I may impose against you. Do you understand?
>
> [Munoz-Morales responds in the affirmative]
>
> [Court] By pleading guilty, there may be certain avenues of appeal you may be foreclosing. Do you understand that?
>
> [Munoz-Morales responds in the affirmative]
>
> [Court] Finally, Mr. Munoz, you and Mr. Aquino have written plea agreements with the government. In Paragraph 11 of those agreements, you've agreed to waive or give up the right to appeal the conviction and the sentence imposed or the manner in which it was determined, and you've also agreed to waive or give up the right to attack the conviction after it becomes final under Title 28, United States Code, Section 2255. I want to make sure, gentlemen,

>Mr. Munoz, you and Mr. Aquino understand that in a written agreement with the government you've given up those appellate rights. Do you understand that?
>
>[Munoz-Morales] Yes, sir.

CR Dkt. No. 54, pp. 23-24.

The Court established that Munoz-Morales had never needed treatment for any kind of substance abuse problem; was not under the influence of any medications or drugs; had discussed the charges with his attorney; was able to assist in his own defense; and was satisfied with his attorney's representation. CR Dkt. No. 54, pp. 4-28. Munoz-Morales informed the Court that he had not been forced to plead guilty and acknowledged that the plea agreement had been explained to him. Id. The Court further informed Munoz-Morales that the Court did not have to follow any recommendation within the plea agreement; and that the Court could sentence Munoz-Morales to something more than Munoz-Morales might anticipate. Id. Munoz-Morales stated that he had been informed of the maximum sentence that he faced; and the impact of the sentencing guidelines in his case. Id. The Court further explained that as a result of pleading guilty, Munoz-Morales gave up: the right to confront and cross-examine adverse witnesses; the right to call witnesses on his own behalf; the right to subpoena witnesses to make them testify; and gave up his right to choose whether he would testify. Id. Munoz-Morales confirmed that he understood the implications of giving up his right to trial as a result of pleading guilty. Id. Having stated that he understood all of his rights, Munoz-Morales entered a plea of guilty to the charge of possession with the intent to distribute more than 100 kilograms of marihuana. Id.

### B. Sentencing & Direct Appeal

In the final presentence report ("PSR"), Munoz-Morales was assessed a base offense level of 24, as a result of being held accountable for 137.67 kilograms of marihuana. CR Dkt. No. 71, pp. 6-7. Munoz-Morales was given a three-level reduction for acceptance of responsibility. Id. Accordingly, his total offense level was 21. Id.

Regarding his criminal history, Munoz-Morales had eight prior adult criminal convictions and was assessed 11 criminal history points. CR Dkt. No. 71, pp. 7-11. Munoz-

Morales was assessed an additional two points because he was on supervised release at the time that he committed the instant offense. Id. With 13 total criminal history points, he was placed in a criminal history category of VI. Id. Based upon Munoz-Morales's offense level of 21 and criminal history category of VI, the PSR identified a guideline sentencing range of 77 to 96 months of imprisonment. Id., p. 14.

On May 6, 2016, the District Court held the sentencing hearing. CR Dkt. No. 103. At that hearing, Munoz-Morales's counsel sought a downward variance in sentencing, based on an argument that Munoz-Morales committed the instant offense under duress. Id, p. 3. The Court rejected the argument. Id., p. 17.

The District Court sentenced Munoz-Morales to 77 months of imprisonment, four years of supervised release, and a $100 special assessment fee, which was ordered remitted. CR Dkt. No. 103, pp. 14-16.[2] The judgment was entered on May 26, 2016. CR Dkt. No. 87.

Neither the District Court docket, nor the Fifth Circuit docket, reflect the filing of a direct appeal. A notice of appeal must be filed within fourteen (14) days from the entry of judgment. See FED. R. APP. P. 4(b)(1)(A), 26(a)(2). Therefore, Munoz-Morales's deadline for filing a notice of direct appeal passed on June 9, 2016. Id.

### C. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On July 14, 2016, Munoz-Morales timely filed a motion pursuant to 28 U.S.C. § 2255, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1. In his motion, Munoz-Morales asserts that his attorney was ineffective for: (1) never telling him that he could appeal his conviction; (2) for "never having a strategy to fight for me or my case"; and (3) for not seeking relief under Amendment 782 to the Sentencing Guidelines. Dkt. No. 1.

On October 11, 2016, the Court ordered Munoz-Morales's counsel to file an affidavit, responding to the claim that he had failed to advise his client about his right to appeal. Dkt. No. 18.

---

[2] At the sentencing hearing, the Court revoked Munoz-Morales's supervised release and sentenced him to 24 months of incarceration, with 23 of those months to be served concurrently to the sentence in this case. CR Dkt. No. 103, pp. 16-19.

On November 2, 2016, Munoz-Morales's counsel – Jose Raul Hernandez – filed the affidavit. Dkt. No. 13. Hernandez denied Munoz-Morales's claim, asserting that he had visited Munoz-Morales in prison after he was sentenced; advised him of any possible appealable issues; and that Munoz-Morales decided not to pursue an appeal. Id. Hernandez included a signed statement from Munoz-Morales, dated May 9, 2016, which stated, "My attorney, Jose Hernandez, has explained to me my rights of limited appeal. I don't want to appeal my sentence. I understand the reason I received 78 months and I am in agreement. I appreciate the efforts of my attorney." Dkt. No. 13, pp. 4-5.

On December 19, 2016, the Government filed a response, seeking specific performance of the waiver of appellate rights found in the plea agreement. Dkt. No. 14. Alternatively, the Government asserted that Munoz-Morales's claims were meritless and should be denied. Id.

## II. Applicable Law

### A. Section 2255

Munoz-Morales seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. That section provides, as relevant here:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a petitioner exhausts or waives his direct appeal, the Court is entitled to presume that he was fairly convicted. U.S. v. Frady, 456 U.S. 152, 164 (1982); U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). A petitioner who seeks to challenge a final conviction by collateral attack, can do so on constitutional or jurisdictional grounds. 28 U.S.C. § 2255(a); U.S. v. Shaid, 937 F.2d 228, 233 (5th Cir. 1991).

### B. Ineffective Assistance of Counsel

An ineffective assistance of counsel claim brought under § 2255 is subject to the

two-prong analysis articulated in Strickland v. Washington, 466 U.S. 668 (1984). U.S. v. Grammas, 376 F.3d 433, 436 (5th Cir. 2004). To establish ineffective assistance, the petitioner must show: (1) that defense counsel's performance was deficient; and, (2) that the deficient performance prejudiced the defendant. Id. To prove that counsel's performance was deficient, petitioner must show that "it fell below an objective standard of reasonableness." U.S. v. Juarez, 672 F.3d 381, 385 (5th Cir. 2012). Courts will not "audit decisions that are within the bounds of professional prudence." U.S. v. Molina-Uribe, 429 F.3d 514, 518 (5th Cir. 2005).

Prejudice is established by proving "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Once a petitioner fails to prove one prong of the Strickland test, it is unnecessary to analyze the other one. Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994).

When a petitioner alleges that his attorney failed to advise him of his appellate rights, the petitioner must establish that there is "a reasonable probability" that he would have timely appealed, "but for" his counsel's failure to consult with him. U.S. v. Bejarano, 751 F.3d 280, 286 (5th Cir. 2014). In order to meet this burden, the petitioner must establish facts indicating that he would have appealed if he had been properly advised; an immediate indication that he wishes to appeal or the presence of viable issues for appeal would be probative evidence toward meeting this burden. Id. at 285.

A claim of ineffective assistance of counsel is properly made under § 2255, because it raises an issue of constitutional magnitude that cannot – as a general rule – be resolved on direct appeal. U.S. v. Bass, 310 F.3d 321, 325 (5th Cir. 2002).

A defendant is "entitled to effective assistance of counsel at all stages of his criminal trial, including the sentencing phase." Ransom v. Johnson, 126 F.3d 716, 721 (5th Cir. 1997). A defendant may show prejudice at sentencing if counsel's ineffective assistance resulted in any additional incarceration. Glover v. U.S., 531 U.S. 198, 203 (noting that "any amount of jail time has Sixth Amendment significance.").

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, a district court may deny a § 2255 motion without an evidentiary hearing "only if the motion, files, and records of the case conclusively show the prisoner is entitled to no relief." U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Munoz-Morales's claim, the Court is required to construe allegations by pro se litigants liberally, to ensure that their claims are given fair and meaningful consideration, despite the petitioner's unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). "While we read pro se complaints liberally, pro se litigants must still comply with the law and procedural rules." Washington v. E. Baton Rouge Par. Sch. Sys., 471 F. App'x 306 (5th Cir. 2012). After applying these standards, neither the record – nor the law – support Munoz-Morales's claim.

**A. Waiver of Appellate Rights**

Munoz-Morales waived his right to appeal or collaterally attack his sentence when he entered into the plea agreement with the United States. That waiver bars reliefs under 28 U.S.C. § 2255. U.S. v. Wilkes, 20 F.3d 651, 653 (5th Cir. 1994). This waiver provision supports dismissal of this petition. U.S. v. Del Toro-Alejandre, 489 F.3d 721, 723-24 (5th Cir. 2007).

"A defendant may waive his statutory right to appeal as part of a valid plea agreement, provided (1) his or her waiver is knowing and voluntary, and (2) the waiver applies to the circumstances at hand, based on the plain language of the agreement." U.S. v. Rodriguez-Estrada, 741 F.3d 648, 650 (5th Cir. 2014). In order for the waiver to be knowing and voluntary, "a defendant must know that he had a right to appeal his sentence, and that he was giving up that right." U.S. v. Portillo, 18 F.3d 290, 292 (5th Cir. 1994).

The record clearly indicates that Munoz-Morales knowingly and voluntarily waived his appellate rights. Paragraph 11, of Munoz-Morales's plea agreement, expressly states that Munoz-Morales was aware of his right to directly appeal his sentence pursuant to 18 U.S.C.

§ 3742, and his right to collaterally attack his conviction and sentence, pursuant to 28 U.S.C. § 2255. CR Dkt. No. 54. That same paragraph also indicates that Munoz-Morales agreed to waive those rights. The plea colloquy at the rearraignment hearing also establishes that Munoz-Morales understood that he was waiving his appellate rights. CR Dkt. No. 101.

Munoz-Morales has not provided any evidence to indicate that he was unaware of or misunderstood any of the terms of his plea agreement; nor has he pointed to any evidence to indicate that he pled guilty involuntarily. Consequently, the record establishes, without a doubt, that Munoz-Morales's waiver was knowingly and voluntarily made.

Moreover, Munoz-Morales's waiver clearly applies to this case. Munoz-Morales is attempting to collaterally attack his conviction and sentence pursuant to 28 U.S.C. § 2255, an avenue expressly foreclosed by his plea agreement. Therefore, the waiver should be enforced and the case should be dismissed based upon that waiver.

Even if Munoz-Morales had not waived his right to collaterally attack his conviction and sentence, his petition is meritless and should be denied.

### B. Advised Concerning Direct Appeal

Munoz-Morales alleges that his attorney did not advise him of his right to appeal. Not only does Munoz-Morales's attorney dispute this claim, but he has produced a waiver of appeal that Munoz-Morales signed. Dkt. No. 13. The waiver was dated May 9, 2016 – three days after the sentencing hearing. Id. In that waiver, Munoz-Morales expressly stated that his attorney "has explained to me my rights of limited appeal." Dkt. No. 13, p. 5. Munoz-Morales has pled no facts that contradict his signed statement. Indeed, the only support Munoz-Morales offers at all is his bald allegation that his attorney never spoke with him about his appellate rights.

"A petition pursuant to 28 U.S.C. § 2255 is properly dismissed without an evidentiary hearing if the petitioner fails to allege 'detailed and specific' facts." U.S. v. Smith, 915 F.2d 959, 964 (5th Cir. 1990) (citing Davis v. Butler, 825 F.2d 892, 894 (5th Cir. 1987)).

There is no evidence in the record that Munoz-Morales had any desire to appeal. Indeed, his waiver of his right to appeal indicates that he did not wish to do so. Further,

8

Munoz-Morales never says that he would have appealed; he just claims that he was not fully informed of his right to appeal. See U.S. v. Cruz, 2015 WL 4459897, *4 (S.D. Tex. 2015) (unpubl.) (denying a similar claim where the defendant "does not even claim that he would have filed an appeal if counsel had properly consulted with him.") (citing Bejarano).

More importantly, Munoz-Morales has not shown that there were nonfrivolous grounds for an appeal that he wished to pursue. Bejarano, 751 F.3d at 285. Indeed, given his waiver of appellate rights, his appeal would have almost certainly been dismissed as waived. Accordingly, if the petition is not dismissed, this claim is meritless and should be denied.

### C. Ineffective Assistance of Counsel

Munoz-Morales alleges that his attorney was ineffective. Again, Munoz-Morales fails to identify any facts or point to any specifics relating to this claim. The simple invocation of an allegation of ineffective assistance is an insufficient basis for relief.

"Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983) (citing Woodard v. Beto, 447 F.2d 103 (5th Cir. 1971)). In short, conclusory allegations are insufficient to raise a constitutional issue. U.S. v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993).

As established earlier, Munoz-Morales has the burden to prove both deficient performance and actual prejudice. Failing to establish either prong is fatal to his claim. Leal, 428 F.3d at 548. In this case, Munoz-Morales has failed offer any specifics in support of either prong. U.S. v. Whitehead, 393 F. App'x 226, 227 (5th Cir. 2010) ("A movant's claim of ineffective assistance of counsel must be stated with specificity; conclusory allegations are insufficient to raise a constitutional issue."). Munoz-Morales merely argued that he felt like his attorney didn't fight for him and didn't formulate a good strategy for the case. Given that there is no evidence cited in support of this claim; no specific allegation of how his defense counsel was ineffective; nor any evidence in the record to otherwise support this allegation, the claim should be denied.

**D. Sentencing Guidelines Amendment**

Munoz-Morales asserts that his counsel was ineffective for not seeking relief under Amendment 782 to the Sentencing Guidelines. As with the other claims, this one is also meritless and should be denied.

Under Amendment 782, all of the drug quantity base offense levels were reduced by two levels. U.S.S.G. Amendment 782. This amendment prospectively went into effect on November 1, 2014. Id. Munoz-Morales was sentenced on May 6, 2016. CR Dkt. No. 87. Thus, he received the benefit of the amendment. See CR Dkt. No. 71, p. 6 (noting that "[t]he 2015 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level.") (emphasis added).

Because Munoz-Morales already received the benefit of Amendment 782, his counsel was not ineffective for failing to file an unsupported motion. U.S. v. Gibson, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."). This claim is meritless and should be denied.

**IV. Recommendation**

WHEREFORE it is **RECOMMENDED** that the Petitioner Jose Angel Munoz-Morales's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be **DISMISSED** as waived. Alternatively, the motion should be **DENIED** as meritless.

**A. Certificate of Appealability**

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte

rule on a COA because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Munoz-Morales's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Munoz-Morales's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is **RECOMMENDED** that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Andrew S. Hanen, United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to timely file objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court, except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v. Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on January 9, 2017.

_____
Ronald G. Morgan
United States Magistrate Judge